UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Clinton Rudy Magnus,<br><br>Petitioner,<br><br>v.<br><br>Federal Bureau of Prisons; Warden,<br><br>Respondents. | Case No. 22-cv-2706 (JRT/DJF)<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

This matter is before the Court on Petitioner Clinton Rudy Magnus's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") (ECF No. 1).[1]  Finding no hearing necessary, the Court recommends Mr. Magnus's Petition be denied as moot and this matter be dismissed.[2]

## BACKGROUND

Mr. Magnus filed his Petition on October 4, 2022 while on prerelease confinement under the supervision of the Residential Reentry Office in Minneapolis, Minnesota.  (*See* ECF Nos. 1, 14 ¶ 21.)  He was originally sentenced in the District of South Dakota to a 132-month term of imprisonment, followed by 5-year term of supervised release for Attempted Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (ECF No. 14 ¶ 20; 14-4 (Ex. D) at 2.)  Mr. Magnus was subsequently resentenced to a 66-month term of imprisonment.  (ECF No. 14-4 (Ex. D) at 2.)  Mr. Magnus's projected release date was

---

[1]  The undersigned United States Magistrate Judge considers this matter pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1.

[2]  As set forth below, there are no material facts in dispute.  Accordingly, an evidentiary hearing is unnecessary.  *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996).

February 22, 2023, via a substance abuse treatment release. (*Id.* at 1.) The Bureau of Prisons ("BOP") released Mr. Magnus from federal custody on that date. Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc/* (last visited September 27, 2023).

In his Petition, Mr. Magnus asked the Court to apply the First Step Act time credits ("FTCs") he earned to his sentence computation. (ECF No. 1 at 7-8.) He alleged that his recent completion of the Residential Drug Abuse Program ("RDAP") reduced his risk of recidivism such that he was eligible to apply his FTCs to reduce the length of his sentence. (*Id.*) On December 8, 2022, Respondents filed a memorandum opposing the Petition on the grounds that: (1) FTCs may only be applied toward earlier prelease custody and Mr. Mangus was already in prelease custody; and (2) even if FTCs were appropriate under the circumstances, Mr. Magnus was ineligible to apply them because his risk of recidivism was too high. (ECF No. 13.)

## DISCUSSION

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)) (citing U.S. Const. art. III, § 2, cl. 1). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances … and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Haden*, 212 F.3d at 469). When a case becomes moot, a federal court cannot "address the merits because any opinion [the court] would issue would be merely advisory." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.* ("*In re Search Warrants*"), 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Haden*, 212 F.3d at 469).

2

Unless an exception to the mootness doctrine applies, this case became moot when Mr. Magnus was released from custody because the Court "can no longer grant effective relief" since he is no longer in custody, *see Ali*, 419 F.3d at 723, and any opinion would be merely advisory, *see In re Search Warrants*, 487 F.3d at 1192.  The Court should not dismiss the Petition as moot, however, if any of the following exceptions apply: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Ahmed v. Sessions*, Civ. No. 16 -2124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (internal citation omitted), *report and recommendation. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017); *see also, e.g.*, *Scheper*, 2020 WL 4060729, at *2-4.

These exceptions do not apply here.  First, there are no cognizable collateral consequences as to whether Mr. Magnus's FTCs were appropriately applied.  "Collateral consequences" include restrictions on the right to engage in certain types of businesses or professions, the right to vote, the right to own a gun, and the right to serve on a jury.  *Spencer v. Kenma*, 523 U.S. 1, 9 (1998). "However, a habeas petitioner cannot rely on the collateral consequences of his conviction to save his case from mootness if he is not actually challenging the validity of his conviction." *Tejado-Hurtado v. Fikes*, Civ. No. 21-2766 (JRT/LIB), 2022 WL 291006, at *2 (D. Minn. May 26, 2022) (quoting *Woodward v. Fondren*, Civ. No. 8-194 (ADM/JJK), 2008 WL 5214396, at *2 (D. Minn. Dec. 12, 2008), *report and recommendation adopted*, 2022 WL 2906199 (D. Minn. July 22, 2022)).  Mr. Magnus does not challenge the validity of his conviction or the imposition of sentence.  Rather, he challenges the application of his release time credits.  This exception thus does not apply.

Second, as to "a wrong capable of repetition evading review," that "exception applies if the matter is too short in duration to be fully litigated before it ends or expires and there is a reasonable expectation that [Mr. Magnus] will be subjected to the same action again." *In re Search Warrants*, 487 F.3d 1193.  This exception does not apply here because Mr. Magnus has been released from federal custody and there is nothing in the record or elsewhere to suggest any "reasonable expectation" that he will be subject to federal custody again.  *Ahmed*, 2020 WL3267738, at *3.  If Mr. Magnus were to return to federal custody, his confinement would be based on a new set of facts and circumstances for which he would be free to bring a new habeas petition.  *Id.*  Third, there is nothing in the record to suggest the BOP released Mr. Magnus simply to preclude the Court's review.  Fourth, Mr. Magnus did not bring his Petition on behalf of a class of individuals.  (*See* ECF No. 1.)  Because Mr. Magnus's case is now moot and none of the exceptions to mootness apply, the Court lacks subject-matter jurisdiction over his Petition.

Accordingly, the Court recommends his Petition be denied as moot and this matter be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMEND THAT**:

1. Mr. Magnus's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. [1]) be **DENIED AS MOOT**; and

  2.  This matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Dated:  September 27, 2023

               *s/ Dulce J. Foster*
               DULCE J. FOSTER
               U.S. Magistrate Judge

## NOTICE

**Filing** Objections: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).